FÉLIX A. MATOS, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, RAMÓN CANCIO, JUDGE, Respondent.

No. 94.     Decided May 17, 1963.

*Guillermo S. Pierluissi* for petitioner. *J. B. Fernández Badillo, Solicitor General, Arturo Estrella, Acting Solicitor General,* and *Jenaro Marchand, Assistant Solicitor General,* for The People.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

### JUDGMENT

Whereas pursuant to § 12 of Act No. 77 of June 22, 1956 amended by Act No. 126 of June 27, 1958 known as the "Police of Puerto Rico Act", the Police Commission has been

authorized to adopt rules for the prosecution of appeals from the decision of the Superintendent discharging any Police member, which appeal must be taken within the term of 10 days counting from the service of notice of appeal (25 L.P.R.A. §§ 221j(b) and 221k(a)(1)), and to that effect the Commission approved regulations which in turn were approved by the Governor and which provided that:

"An appeal shall be established through the filing with the Secretary of a written appeal by the injured party. An appeal shall be considered filed on time, if, on the date on which same is filed with the Secretary, or was deposited in the post office, according to the date of the postmark, there has not expired a 10-day period since the subject of the appeal was notified of the punishment or decision." 25 R.&R.P.R. § 221j–4; and

Whereas in this case the Secretary of the Commission did not receive the notice of appeal within said term of ten days nor was it proved by the date of the postmark that the same had been deposited in the post office before the expiration of that term, the Commission lacked the authority to determine that the appeal had been filed within said term of ten days on the basis of a sworn statement of appellant's counsel to the effect that the notice of appeal had been filed within the term stated and that the same was not received in the office of the Commission or the office of the Superintendent; therefore the Commission lacked jurisdiction to take cognizance of that case. *Puerto Rico High School of Commerce* v. *Tax Court*, 68 P.R.R. 744 (1948); *Capital of P.R.* v. *Tugwell, Governor*, 61 P.R.R. 834 (1943); 3A Barron & Holtzoff, Federal Practice and Procedure 65, § 1533.

By virtue thereof the judgment of September 21, 1959, of the Superior Court, San Juan Part, rendered in Civil Case No. 59-2469, *Ramón Torres Braschi, Superintendent of the Police of Puerto Rico* v. *Commission of the Police of Puerto Rico*, will be affirmed.

It was so decreed and ordered by this Court as witnesses the signature of the Chief Justice.

(s) Luis Negrón Fernández
*Chief Justice*

I attest:

(s) Ignacio Rivera
*General Secretary*